# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06CV66-C

| | |
|---|---|
| THE ATTIC TENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| JERRY L. COPELAND and PROGRESSIVE ) | |
| ENERGY SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the "Plaintiff's Motion to Strike Defendants' Fourth Affirmative Defense" (document #28) and "Brief in Support ..." (document #30), both filed March 30, 2006; and the Defendants' "Response in Opposition ..." (document #31) filed April 13, 2006.

On April 20, 2006, the Plaintiff filed its "Reply ..." (document #32).

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this motion is now ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Plaintiff's "Motion to Strike," as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Relevant to the subject Motion to Strike, on December 5, 2000, the United States Patent and Trademark Office ("USPTO") issued the Plaintiff, The Attic Tent, Inc., Patent No. RE 36,975 ("the Patent") in the Plaintiff's "Attic Hatchway Cover."

On February 16, 2006, the Plaintiff filed its Complaint alleging that the Defendants, Jerry L. Copeland and Progressive Energy Solutions, Inc., are manufacturing, selling or offering to sell products that infringe the Patent.

On March 10, 2006, the Plaintiffs filed their "Answer and Counterclaim," including 14 Affirmative Defenses. In their Second Affirmative Defense, the Defendants allege that the Patent is invalid because the Plaintiff failed to disclose relevant prior art to the USPTO when it applied for the Patent and, as a result, the USPTO issued the Patent without considering that prior art. In their Fourth Affirmative Defense, the Defendants contend that the Patent is invalid "in that it was issued by the [USPTO] without due investigation and relevant prior art was overlooked by the [USPTO] wherefore the Commissioner of Patents exceeded his authority in issuing the Patent."

On March 30, 2006, the Plaintiff moved to strike the Defendant's Fourth Affirmative Defense, contending, among other things, that it is merely duplicative of their Second Affirmative Defense.

In their Response, the Defendants do not cite any authority supporting their Fourth Affirmative Defense, that is, establishing a separate defense founded on the USPTO's allegedly exceeding its authority.

The Plaintiff's Motion has been fully briefed as set forth above and is, therefore, ripe for determination.

## II. DISCUSSION OF CLAIMS

Federal Rule of Civil Procedure12(f) provides that "[u]pon motion made by a party ... the court may order stricken from any pleading, any insufficient defense." See also Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 348 (4th Cir.2001) ("defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted"), citing 5C Fed. Prac. & Proc. Civ. 3d §1381, Wright & Miller; and Akeva L.L.C. v. Mizuno Corp., 199 F.Supp.2d 336, 337, n.2 (M.D.N.C. 2002) (motion to strike may be granted as to defenses that are "insufficient ... redundant, immaterial, impertinent, or scandalous").

"The purpose of a Rule 12(f) motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues." Simaan, Inc. v. BP Products North America, Inc., 395 F.Supp.2d 271, 278 (M.D.N.C. 2005), citing Buser v. Southern Food Serv., Inc., 73 F.Supp.2d 556, 559 (M.D.N.C. 1999). Accord Federal Deposit Ins. Corp. v. British-American Corp., 744 F. Supp.116 (E.D.N.C. 1990).

As noted above, the Defendants have not cited any authority in support of their Fourth Affirmative Defense, and the undersigned is aware of none. Accordingly, because the Defendants' Fourth Affirmative Defense otherwise merely recasts the prior art defense contained in their Second Affirmative Defense and is therefore duplciative, the Plaintiff's Motion to Strike shall be granted.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. The "Plaintiff's Motion to Strike" (document #28) is **GRANTED**, and the Defendants' Fourth Affirmative Defense is **STRICKEN** from the Defendants' Answer.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad., Jr.

**SO ORDERED.**

Signed: April 25, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge