UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THE ATTIC TENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:06-CV-00066-C |
| | ) | |
| v. | ) | **PLAINTIFF'S MOTION TO** |
| | ) | **DISQUALIFY DEFENDANTS'** |
| JERRY L. COPELAND and | ) | **ATTORNEY GREGORY** |
| PROGRESSIVE ENERGY | ) | **EVERMAN AND DEFENDANTS'** |
| SOLUTIONS, INC. | ) | **EXPERT WITNESS** |
| | ) | **CHRISTOPHER DREMANN** |
| Defendants. | ) | |
| | ) | |

Plaintiff The Attic Tent, Inc., by and through its undersigned counsel, hereby moves this Honorable Court for an Order disqualifying Defendants' attorney Gregory Everman and Defendants' expert witness Christopher Dremann. Plaintiff hereby references and incorporates herein its Memorandum in Support of Plaintiff's Motion.

Plaintiff also requests a hearing on Plaintiff's motion a soon as the Court may reasonably hear arguments with respect to the instant motion.

Respectfully submitted,

Dated: June 29, 2006

**s/ Russell M. Racine**
Russell M. Racine (NC Bar No. 33593)
**Attorney for Plaintiff**
DOUGHERTY | CLEMENTS
1901 Roxborough Rd., Ste. 300
Charlotte, NC 28211
Tel: (704) 790-3600
Fax: (704) 366-9744
Email: rracine@worldpatents.com

1

**MEMORANDUM OF LAW SUPPORTING PLAINTIFF'S MOTION
TO DISQUALIFY DEFENDANTS' ATTORNEY GREGORY EVERMAN
AND DEFENDANTS' EXPERT WITNESS CHRISTOPHER DREMANN**

Plaintiff, by and through the undersigned attorneys, hereby moves this Court for an Order disqualifying Defendants' attorney Gregory Everman from representing Defendants further in the instant case. Also, Plaintiff moves this Court for an Order disqualifying Defendants expert witness Christopher Dremann from testifying as an expert witness and prohibiting Mr. Dremann from assisting Defendants in any manner with this case.

### FACTUAL BACKGROUND

On June 27, 2006, Defendants' attorney Greg Everman spoke with Jason Miller, attorney for Plaintiff, on the telephone regarding an email that Mr. Miller recived that he perceived to be a potential conflict of interest. Mr. Everman indicated that Defendants intend to hire Christopher Dremann as an expert witness in the instant suit. Mr. Everman followed the conversation with and confirmed Defendants' intent to use Mr. Dremann in an email sent to Russ Racine, another attorney for Plaintiff, and undersigned counsel.[1] Mr. Miller is no longer involved in the representation of Plaintiff in any manner.[2]

Plaintiff The Attic Tent, Inc.'s, President, Steve Williams retained the services of the law firm Dougherty & Dremann on October 9, 1997, related to the prosecution of the patent involved in the instant suit. Christopher Dremann was a partner in the Dougherty & Dremann firm at this time, having become partner in September 1997. In October of 1998, Christopher Dremann left the Dougherty & Dremann firm. Gregory Everman joined the Dougherty firm as an associate in

---

[1] Please see Exhibit 1 – Email from Greg Everman to Russ Racine dated June 27, 2006
[2] Defendants filed a motion to disqualify Mr. Miller from representing Plaintiff. Until this motion is resolved, this matter is quarantined from Mr. Miller. It should be noted that Mr. Miller, after being contacted by Defendants regarding a Cease and Desist letter that they received from Plaintiff, declined to represent Defendants on ethical and potential conflict grounds, as this letter was sent from his former employer, although he had no actual knowledge regarding the factual circumstances involved. Mr. Everman accepted such representation under the exact same circumstances.

September of 2000. Two months later on December 5, 2000, Plaintiff's patent issued as United States Patent RE 36,975. Jason Miller joined the Dougherty firm as an associate in February of 2001. On July 1, 2002, Jeff Bernard joined the Dougherty firm as an associate. On June 30, 2003, Gregory Everman, Jason Miller, and Jeff Bernard left the Dougherty firm and formed the law firm of Everman Miller & Bernard. The law firm of Everman Miller & Bernard performed work for Corning Cable Systems, with, it is believed, Christopher Dremann acting as their main contact at Corning.

At some point prior to the instant suit, the law firm of Everman Miller & Bernard disbanded, and Gregory Everman formed Everman Law Firm, PA, Defendants' current counsel. In January of 2006, Defendants telephoned Jason Miller of the firm Miller & Bernard with regards to the cease and desist letter sent to them by Plaintiff. As discussed in Pl.'s Resp. to Defs.' Mot. To Recuse Pl.'s Attorney Jason Miller, Mr. Miller referred Defendants to the Everman Law Firm, who agreed to represent Defendants.

**RELEVANT DATES AND TIMELINE**

| | |
|---|---|
| 1986 – July 16: | Ralph H. Dougherty, PA forms (Mr. Dougherty is still employed in the firm and has been consistently since 1986) |
| 1995 – October 23: | Christopher Dremann joins firm |
| 1997 – September: | Christopher Dremann becomes a partner in firm (firm dba Dougherty & Dremann) |
| 1997 - October 9: | Plaintiff retains Dougherty & Dremann firm to obtain reissue patent |
| 1998 – January 7: | Dougherty & Dremann Firm files reissue application with Patent Office including Power of Attorney specifically listing Christopher Dremann |
| 1998 – October 8: | Christopher Dremann leaves firm |
| 2000 – September 18: | Gregory Everman joins firm |
| 2000 – December 5: | United States Patent RE 36,975 issues to Plaintiff |
| 2001 – February 1: | Jason Miller joins firm |
| 2002 – July 1: | Jeff Bernard joins firm |
| 2003 – June 30: | Gregory Everman leaves firm |
| | Jason Miller leaves firm |
| | Jeff Bernard leaves firm |
| Unknown | Gregory Everman, Jason Miller, and Jeff Bernard form Everman Miller & Bernard PA |

| | |
|---|---|
| Unknown | Christopher Dremann becomes employed at Corning Cable Systems |
| Unknown | Gregory Everman forms Everman Law Firm, PA |
| 2006 – June | Jason Miller rejoins Dougherty firm as a partner |
| Unknown | Jeff Bernard becomes employed at Corning Cable Systems |

## LEGAL AUTHORITIES AND STANDARD

The rules of ethics are very specific with regards to an attorney attempting to represent a party whose interests are adverse to a former client.

> Canon IV, Rule 4, essentially admonishes lawyers not to reveal knowingly the confidences of a client obtained during the course of the professional relationship. Rule 4 states: "For the purposes of the rule, 'client' refers to present and former clients." Canon V, Rule 5.1(A) admonishes lawyers to avoid conflicts of interests in the representation of clients. Rule 5.1(C) requires that a lawyer "withdraw from representation of any party he cannot adequately represent or represent without using the confidential information or secrets of another client or former client except as Rule 4 would permit . . . ." Rule 5.1(D) prohibits a lawyer who has formerly represented a client from representing "another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after full disclosure.[3]

Thus, unless the client consents, an attorney cannot represent a party in a related matter whose interests are adverse to the attorney's former client. Implicit in this rule is the rule that an attorney cannot represent a party against a former client in the same matter the attorney represented the former client; he cannot work against his prior work. "Rule 1.9(a) prohibits representation of an adverse client in a matter that is the same, or substantially related to, that of a former client. Rule 1.9, Comment 2 states, 'the underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question.'"[4]

This rule applies to attorneys wherever they go. Leaving a firm does not alleviate an attorney from his ethical obligations with respect to his or the firm's former clients. "According

---
[3] *Travco Hotels v. Piedmont Natural Gas Co.*, 332 N.C. 288, 295 (1992).
[4] *Ferguson v. DDP Pharm., Inc.*, 621 S.E.2d 323, 327 (N.C. App. 2005).

4

to Rule 1.9, a new client's interests must not be materially adverse to the interests of a former client. Even if the representing attorney leaves the firm, Rule 1.9, Comment 6 states, '[a] lawyer may have general access to files of all clients of a law firm and may regularly participate in discussions of their affairs; it should be inferred that such a lawyer in fact is privy to all information about all the firm's clients.'"[5] As such, an attorney maintains an ethical duty to former clients of his firm, even when he leaves the firm. The burden of proof lies on the party attempting to represent a new client against the interests of a former client to prove that confidential information was not shared. "According to Rule 1.9, Comment 6, 'the burden of proof should rest upon the firm whose disqualification is sought' to prove the information about plaintiff was not shared with other members of the firm."[6] Thus, it is assumed that confidential information was learned, and it is up to the attorney seeking to represent the adverse client to prove otherwise.

## ARGUMENT

The attorneys involved in the representation of the parties in this suit all, at one time or another, worked for Plaintiff's current law firm, in one form or another. As such, it is and has been incumbent upon all attorneys involved in this matter to diligently protect and safeguard against any conflict of interest that may arise in their representation of the parties. As such, from the beginning of this case, Plaintiff's attorneys have requested that Defendants' counsel inform them of the identity of every attorney working on behalf of Defendants on the instant case. Defendants' attorney Greg Everman has refused to provide this information and now, it seems, Plaintiff's counsel's fear has come to pass; an attorney who represented Plaintiff in the past, as a partner, is now working against Plaintiff, creating in insurmountable conflict. It is Plaintiff's belief that Defendants have used Christopher Dremann for legal work on the instant case,

---

[5] Id. at 327-28.
[6] Id. at 328.

seeking legal, factual, and procedural guidance. Defendants' attempt to retain Mr. Dremann as an expert witness lends clear support to Plaintiff's belief. Plaintiff's counsel was never informed by Defendants of Mr. Dremann's work on this case, and Plaintiff certainly never consented to Mr. Dremann's representation of Defendants against Plaintiff.

Unfortunately, the relationships between the attorneys do not end upon their departure from the Dougherty firm. Rather, Christopher Dremann is now working for Corning Cable Systems. Mr. Everman formed a law firm with Jason Miller (walled-off from the instant case since the filing of Defendants' Motion to Disqualify) and Jeff Bernard.[7] At some point, Mr. Dremann began sending work from Corning to the Everman, Miller & Bernard firm. Therefore, Mr. Dremann was a client of Mr. Everman and Mr. Miller. Recently, the firm of Everman, Miller & Bernard disbanded and Mr. Everman formed Everman Law Firm, PA, who currently represents Defendants. Jason Miller has rejoined the Dougherty firm as a partner, and, to further complicate matters, Jeff Bernard has joined Corning and now works with Mr. Dremann.

<u>Christopher Dremann should be disqualified from testifying as an expert witness and providing legal assistance to Defendants in this action.</u>

As indicated above, Christopher Dremann is a former partner of Dougherty Clements.[8] In fact, Mr. Dremann was a partner when Plaintiff retained his firm to obtain a reissue of Plaintiff's patent. As such, the work performed by the firm and the knowledge obtained from the client is imputed to Mr. Dremann. Even assuming Mr. Dremann performed no work what-so-ever on Plaintiff's case, he is still charged with knowing the confidences Plaintiff revealed to the firm during the course of its representation. Mr. Dremann left the firm during the prosecution of

---

[7] Jeff Bernard is the brother of Plaintiff's counsel Christopher Bernard.
[8] At the time Mr. Dremann was a partner, the name of the firm was Dougherty & Dremann, not Dougherty Clements. This fact is irrelevant to the analysis under the ethical rules. Plaintiff has been a client of the Dougherty firm through out its various name changes.

6

Plaintiff's patent, but only after the firm had begun representing Plaintiff.  Therefore, it is assumed that Mr. Dremann knows all confidential information relayed to the firm by Plaintiff prior to his departure, due to his unfettered access to the firm's files and his daily conversations with the attorneys of the firm.

Mr. Dremann has a continuing duty to Plaintiff to abide by the ethical guidelines.  Plaintiff is a former client of Mr. Dremann and therefore, he must not represent an adverse party in the same matter against Plaintiff.  That is exactly what he is attempting to do in this case.  Plaintiff has sued Defendants for unfair competition and patent infringement of the very patent Mr. Dremann's firm (Plaintiff's firm) helped Plaintiff obtain.  As such, Mr. Dremann was directly responsible for obtaining Plaintiff's patent.  Now, Mr. Dremann seeks to testify against Plaintiff and against Plaintiff's patent.  It is impossible to argue that this is an unrelated matter.  Mr. Dremann will seek to invalidate or avoid the very patent he obtained.

Defendants have alleged that Plaintiff's patent is invalid for a number of reasons.  Several reasons alleged, *inter alia*, are fraud on the Patent Office, failure to disclose material art, and statutory bar.  If Mr. Dremann is allowed to testify as an expert, he will be arguing that the patent he obtained is invalid; that he committed fraud on the Patent Office; that he failed to disclose prior art; and that he was aware of a statutory bar and filed the patent application anyway.  In other words, Mr. Dremann will be asserting the exact opposite position he took while representing Plaintiff; he will be changing sides.  It should be noted that Mr. Dremann could be called as a material witness, as opposed to an expert witness, in the instant case to testify as to his actions/inactions regarding the patent at issue, or the actions/inactions of his fellow attorneys.

Further, Plaintiff believes that Mr. Dremann has been assisting Defendants through out this litigation, effectively acting as co-counsel with respect to legal, factual, and procedural issues.  Defendants' attorney admitted that at least one other attorney was assisting him in

7

representing Defendants.[9]  It is clear from Mr. Everman's recent disclosure of the identity of his proposed expert witness that Mr. Dremann has been helping him all along.  If this is so, this is a blatant violation of the ethical rules mentioned above.  Mr. Dremann has confidential information revealed to him by Plaintiff during the course of the patent prosecution, the very patent at issue in this litigation.  As such, his representation of Defendants against Plaintiff violates the very heart of the ethical rule prohibiting representing parties against former clients.  As such, Mr. Dremann should be ordered to immediately cease any and all representation of Defendants in this case.  Also, Mr. Dremann should be disqualified as an expert witness for the Defendants.

<u>Gregory Everman should be disqualified from further representing Defendants in this action.</u>

Attorney Gregory Everman has engaged in conduct that violates the ethical rules.  Mr. Everman knew that Christopher Dremann was a former partner of Plaintiff's law firm prior to involving him in the instant litigation and that Mr. Dremann was a partner of the firm during the pendency and prosecution of the patent at issue.[10]  Mr. Everman knew that as a partner, Mr. Dremann was charged with knowing all the confidential information disclosed by Plaintiff during the prosecution of Plaintiff's patent.  As such, Mr. Everman has now obtained the same information.  For all practical purposes, Mr. Dremann is co-counsel for Defendants.

---

[9] Mr. Everman indicated to Mr. Racine and later to Judge Horn in the pre-trial conference that he had consulted the North Carolina State Bar Ethics Committee with respect to outside assistance he was receiving on the instant case.
[10] It should be noted that Plaintiff's attorney Russ Racine and Defendants' attorney Gregory Everman discussed at length the implications of Mr. Everman's working for the Dougherty Clements firm prior to engaging in the instant litigation.  Mr. Everman was an associate at the firm and did not work on nor have knowledge of Plaintiff's case.  Both Mr. Racine and Mr. Everman agreed that Mr. Everman's representation of Defendants in this matter did not present a conflict.  Mr. Racine fully explained the situation and facts surrounding Mr. Everman's former relationship with the firm to Plaintiff.  Plaintiff, after being fully informed of the facts and presented with an opportunity to seek outside counsel's opinion, agreed that there was no conflict and chose not to file a request to disqualify Mr. Everman previously, based upon these facts.  These facts did not include the involvement of Mr. Dremann with Defendants' counsel.

Mr. Everman has hinted at the fact that he has insider information already. In his response to Plaintiff's motion to strike, Mr. Everman states "Defendants' Second Defense that the '975 patent is 'invalid and/or void for failing to comply with the requirements of Part II of Title 35 United States Code, including without limitation §§ 101, 102, 103, 111, 112, 116 and/or 132' may largely be provided *through an expert witness*."[11] Defendants produced no documentation or other evidence in support of these allegations and insist that they have a factual basis for this defense. As such, if it exists, Defendants factual basis must come from a witness. The only witnesses Defendants identified in their initial disclosures were Jerry Copeland and Linda Copeland. They never identified Christopher Dremann. Defendants further hint that they have a witness with knowledge of prosecution violations in obtaining Plaintiff's patent by stating "As a further example, evidence may be provided *through witness testimony* verses a document."[12] It seems that Defendants intend to use Mr. Dremann's knowledge of Plaintiff's confidential information against Plaintiff. This is another blatant violation of the ethical rules.

Because Mr. Everman has learned confidential information provided by Plaintiff to Plaintiff's attorneys through his relationship with Mr. Dremann, Mr. Everman cannot now represent Defendants. It is impossible to take back knowledge. As such, everything that Mr. Everman does in his representation of Defendants is tainted. Allowing him to continue to represent Defendants against a party whose confidential information he knows will call into question the integrity of the suit. As such, Mr. Everman must be disqualified from further representing Defendants in the instant suit.

## CONCLUSION

---

[11] Def.s' Resp. in Opp. To Pl.'s Mot. To Strike 7.
[12] Id.

Mr. Everman and Mr. Dremann's association and representation of Defendants in this matter has tainted their involvement in this entire proceeding. Defendants' attorneys are effectively representing Defendants against their former client, Plaintiff, in a matter very closely related, if not identical to the matter in which they represented Plaintiff. As such, they are violating the rules of ethics and must cease their representation of Defendants. Plaintiff moves this court for an order disqualifying Defendants' attorneys Gregory Everman and Christopher Dremann from further representation of Defendants in this matter and for an order disqualifying Christopher Dremann from testifying as an expert witness for Defendants.

## REQUEST FOR HEARING

Plaintiff respectfully requests an oral hearing on this motion.

Respectfully submitted,

Dated: June 29, 2006

s/ Russell M. Racine
Russell M. Racine (NC Bar No. 33593)
**Attorney for Plaintiff**
DOUGHERTY | CLEMENTS
1901 Roxborough Rd., Ste. 300
Charlotte, NC  28211
Tel: (704) 790-3600
Fax: (704) 366-9744
Email: rracine@worldpatents.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THE ATTIC TENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: **3:06-CV-66** |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY L. COPELAND and | ) | **CERTIFICATE OF SERVICE** |
| PROGRESSIVE ENERGY | ) | |
| SOLUTIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I certify that on 29 June 2006, I served a copy of the below listed documents upon the other party in this action through the CM/ECF system at geverman@evermanlawfirm.com.

Documents Served:

**1. PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' ATTORNEY GREGORY EVERMAN AND DEFENDANTS' EXPERT WITNESS CHRISTOPHER DREMANN**

    Respectfully submitted,

    **s/Russell M. Racine**
    Russell M. Racine (NC Bar No. 33593)
    **Attorney for Plaintiff**
    DOUGHERTY | CLEMENTS
    1901 Roxborough Rd., Ste. 300
    Charlotte, NC 28211
    Tel: (704) 790-3600
    Fax: (704) 366-9744
    Email: rracine@worldpatents.com