# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:06CV66-W

| | |
|---|---|
| THE ATTIC TENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| JERRY L. COPELAND, ) | |
| PROGRESSIVE ENERGY ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on what the *pro se* Defendant (Jerry L. Copeland) cryptically captions "Reconsideration Disqualification Gregory R. Everman," filed July 11, 2007, which the Clerk has correctly docketed as a "Motion For Reconsideration" (document #136). The motion asks the Court to reconsider its Memorandum and Order filed June 25, 2007 (document #132), which disqualifies defense counsel Gregory Everman due to a clear conflict in his respective roles as both "opinion counsel" and trial counsel in this matter. This is also before the Court on the document and attachments Mr. Copeland filed the same date and captioned "Supplemental Reconsideration Disqualification Gregory R. Everman" (document #137). By its own self-description, the latter document (and attachments) were "to add additional facts, correct some typos and errors in the original reconsideration motion and include exhibits and document numbers to aid the court."

Essentially, the *pro se* individual Defendant argues, in addition to offering numerous extraneous and immaterial points and materials, that the inherent conflict in Mr. Everman serving

as opinion and trial counsel should be overlooked because of the "extreme hardship" counsel's removal will cause the Defendants. In addition, the Defendant argues that removal of Mr. Everman "was based on incomplete facts"; that the Plaintiff has litigated this case in a manner intended to wear him down financially; that Mr. Everman has been representing the Defendants without compensation for only a year and the Defendants have insufficient resources to retain substitute counsel; and that Mr. Copeland has unsuccessfully contacted and attempted to retain the 38 lawyers and/or law firms listed in Exhibit A of documents #136 and #137. However, the Defendant does expressly concede that "[t]he dispute over whether to assert advise of counsel was the defendants' fault" (document #136, at 10; and document #137, at 14).

Nothing in the individual *pro se* filing persuades the Court that disqualification of Mr. Everman as trial counsel was wrongly decided or that there is any basis for reconsideration of the Court's ruling on this point. Much to the contrary, for the reasons set forth in "Plaintiff's Response to Defendants' Motion For Reconsideration . . ." (Document #140) and in the court's "Memorandum and Order" filed June 25, 2007 (document #132), the undersigned continues to firmly believe that it would be improper and would otherwise disserve the interests of justice to allow Mr. Everman to continue to represent the Defendants as trial <u>and</u> opinion counsel.

Finally, as held in the Order resolving the Defendants' motion to reclassify documents previously labeled "Attorney Eyes Only" (document #143), the Plaintiff is correct that <u>corporations</u> may not proceed *pro se.* Therefore the undersigned will strike Mr. Copeland's Motion to the extent that it is intended to provide a response by the unrepresented <u>corporate</u> Defendant to the subject motion.

**FOR THE FOREGOING REASONS, IT IS ORDERED:**

1. The Defendant's "Motion For Reconsideration" (denomination of document #136 by

Clerk's office) and the supplement thereto (document #137) are **DENIED** as to the individual Defendant, and **STRICKEN** as to the corporate Defendant.

    2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the Plaintiff; Mr. Jerry L. Copeland, the *pro se* Defendant; and to the Honorable Frank D. Whitney.

    **SO ORDERED.**

Signed: July 17, 2007

Carl Horn, III
United States Magistrate Judge