IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:06CV66-W

| | |
|---|---|
| THE ATTIC TENT, INC., | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER |
| JERRY L. COPELAND, PROGRESSIVE ENERGY SOLUTIONS, INC., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on what the *pro se* Defendant captions "Disqualification Clements/Walker Firm & Staff Attorneys," which is essentially a motion to disqualify Plaintiff's counsel (document #139). As he did in support of his motion captioned "Reconsideration Disqualification Gregory R. Everman" and its corrected version (documents # 136 and 137), the *pro se* Defendant has attached numerous (fifteen) documents to the instant motion, most of which are marginally relevant or not relevant at all.

Mr. Copeland argues in support of his motion that Plaintiff's counsel has a conflict of interest based on the fact that the same firm was retained to prosecute the subject "reissue patent" and to bring this action, and because counsel's real motivation in this action has been to cover up "critical errors [the firm made] in the reissue application making the patent invalid and not covering the plaintiff's products." Mr. Copeland also attempts to raise an issue which has already been decided against him, namely, that the early involvement of Jason Miller – whom the Court has previously disqualified and who has since been screened from any further role in this case – requires

disqualification of the entire firm. (See "Memorandum and Order" dated August 14, 2006, document #74, disqualifying Jason Miller but otherwise finding no conflict in counsel continuing to represent the Plaintiff.)

Mr. Copeland's statements in support of his motion are what can only be described as conclusory and wildly accusative, charging not only a conflict but also that "plaintiff's counsel commit [sic] fraud and inequitable conduct with the patent office," that the Plaintiff's principal (Mr. Williams) "lied to the patent office" regarding whether there was an assignee, and that Plaintiff's counsel "wants to financially eliminate the defendants so that their errors in filing will not become known to their client." In support of these conclusory allegations Mr. Copeland points to "endless delay tactics and running up costs," lack of cooperation in discovery, requested extensions of the discovery period, evasive discovery responses intended "to further the plaintiff's hidden agenda," and "dirty tactics to increase costs." Mr. Copeland is particularly upset by "Mr. Bernard [sic] bizarre behavior . . . during the deposition of Linda Copeland in which he behaved like a "vicious 'School Yard Bully,'" and "giggled like a school child" when Mr. Williams insulted defense counsel (Mr. Everman).

Although the Court understands the emotional nature of litigation which challenges an individual's livelihood, and on top of that is expensive, Mr. Copeland's meandering and emotional argument is entirely unpersuasive on the merits. Whether or not Plaintiff's counsel has worked to move this case along in a prompt and efficient manner, the *pro se* Defendant's arguments and attachments fall far short of establishing a conflict of interest which would preclude their continued representation of The Attic Tent, Inc. Furthermore, it is clarion clear that a substantial portion of any delay and unprofessional conduct of this case was due not to actions or inactions by Mr. Racine or Mr. Bernard (Plaintiff's counsel), but to the professional shortcomings of Mr. Everman (disqualified

defense counsel).

In any event, as urged in "Plaintiff's Response To Defendants' Motion For Disqualification of Plaintiff's Counsel" (document #141), the Defendant's *pro se* motion lacks merit both as a matter of law and on the facts. First, the Defendant cites no law precluding a lawyer from prosecuting a patent and later protecting the same patent in an action against an alleged infringer, and the undersigned is unaware of any such authority. And second, the patent prosecution was, in fact, by the firm Dougherty & Drennan, and neither Mr. Racine nor Mr. Bernard (current Plaintiff's counsel) were with that firm or had any involvement with the patent prior to the institution of this lawsuit.

Again, whether Plaintiff's counsel has filed only meritorious motions or objected only to clearly problematic discovery is not the issue. The issue is whether the Defendant has established a conflict of interest requiring Plaintiff's counsel to be disqualified from further representation of The Attic Tent, Inc. And the answer to that question is clearly that he has not. Indeed, regarding Jason Miller's removal from any further role in this case, Plaintiff's Response (document #141) credibly establishes that "Mr. Miller was immediately walled–off from the present litigation upon the filing of Defendant's motion to disqualify him from this case," and further, that "in order to avoid even the appearance of impropriety, Mr. E. Fitzgerald Parnell of Poyner & Spruill was retained to represent Mr. Miller with respect to this motion and all documents were kept under seal" (emphasis in original). The Court takes judicial notice of the fact that Mr. Parnell is a former State Bar President, has served as Chair at various times of the State Bar Ethics and Professionalism Committees, and is a highly respected expert on the ethical rules governing North Carolina lawyers' professional conduct.

Finally, as held in prior Orders (see document #143 and document #144), the Plaintiff is correct that corporations may not proceed *pro se*. Therefore, the undersigned will strike Mr.

Copeland's motion to the extent that it purports to speak for the <u>corporate</u> Defendant.

**FOR THE FOREGOING REASONS, IT IS ORDERED:**

1. The individual Defendant's motion captioned "Disqualification Clement/Walker Firm & Staff Attorneys" (document #139) is **DENIED**; and is **STRICKEN** as to the corporate Defendant.

2. Both the Defendant's and the Plaintiff's request for attorney's fees are **DENIED**.

3. The parties are encouraged to pursue in good faith what Plaintiff's counsel stated they hoped would soon occur, namely, "meaningful settlement negotiations."

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the Plaintiff; Mr. Jerry L. Copeland, the *pro se* Defendant; <u>and to the Honorable Frank D. Whitney</u>.

**SO ORDERED.**

Signed: July 18, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge