IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:06CV66-W

| | |
|---|---|
| THE ATTIC TENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| JERRY L. COPELAND, ) | |
| PROGRESSIVE ENERGY ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on the "Plaintiff's Motion For Attorney Fees Related To Defendants' Advice of Counsel Defense And Memorandum In Support" filed July 9, 2007 (document #133). "Former Defense Counsel, Gregory R. Everman's Response . . ." (document #155) was filed by his recently retained counsel (D. Christopher Osborn), following an extension of time, on August 15, 2007; and "Plaintiff's Reply . . ." (document #158) was filed August 21, 2007. Thus, the subject motion has been fully briefed and is now ripe for resolution.

As has been noted in previous Orders, this case has been plagued with numerous discovery disputes, and by a generally contentious and acrimonious tenor. That history has been amply documented (see, e.g., the "Memorandum And Order" filed August 14, 2006, document #74; "Memorandum And Order" filed January 22, 2007, document #109; "Memorandum and Order" filed April 30, 2007, document #124; "Order" filed July 16, 2007, document #143; "Memorandum and Order" filed July 17, 2007, document #144; and "Memorandum and Order" filed July 18, 2007, document #145). Thus, it is unnecessary and would, in fact, further waste limited judicial resources

to restate the problematic course of this litigation almost from its outset.

In support of its Motion For Attorney's Fees (in the amount of $9,952.50), the Plaintiff faults former defense counsel for "repeated[] and unnecessar[y] . . . equivocations . . . related to the assertion/non-assertion of Defendants' Advice of Counsel Defense and for attempting to establish the existence/non-existence of the associated written/oral opinion(s) of Defendants' Counsel (as well as to obtain meaningful discovery related thereto)." See "Plaintiff's Motion for Attorneys Fees . . ." at 1 (document #133). The Plaintiff correctly notes that in the Memorandum and Order filed June 25, 2007 (document #132) the Court withheld judgment on the issue of attorney's fees and encouraged counsel to include this issue in any future settlement negotiations.

In further support of its Motion, the Plaintiff points to Mr. Everman's dilatory conduct in handling this case, relevant provisions in Fed. R. Civ. P. 37, and the fact that Mr. Everman has been cautioned concerning arguably similar conduct in other cases before this Court. The Plaintiff also reports that any discussion of settlement has been unsuccessful due largely to the continuing absence of meaningful communication between counsel.

In his Response filed August 15, 2007 (document #155), however, Mr. Everman belatedly makes certain points (through recently retained counsel D. Christopher Osborn) which cast doubt on whether an award of the requested attorney's fees is justified. Essentially, Mr. Everman responds that the Plaintiff has also filed multiple discovery motions found to lack merit in whole or in part; that the equivocation regarding the subject advice of counsel defense was in part due to instructions from his clients (the Defendants), whom Mr. Everman had been representing for some time without compensation and who feared their inability to retain substitute counsel were Mr. Everman disqualified under the attorney–witness rule (Rule of Professional Conduct 3.7); that Mr. Everman,

2

however inartfully he handled the issue, has not acted in "bad faith"; and that the decision whether to assert an advice of counsel defense in a patent infringement case, and thereby to avoid an adverse finding of "wilfulness," is "very complex" and "thorny . . . even in the best of cases." See Former Defense Counsel, Gregory R. Everman's Response . . ." at 10-13 (document #155).

Perhaps most persuasive in Mr. Everman's response however, is counsel's argument "that [prior to his disqualification] Everman ha[d] been providing his services for little pecuniary benefit." Indeed, it is represented that the Defendants had not paid Mr. Everman for his services for over a year, and that at the time he was disqualified Everman was owed "in excess of $100,000.00." Therefore, counsel argues, "[r]ather than being sanctionable conduct, this is conduct of a noble and unselfish character, the likes of which the Courts seek opportunities to reward, not punish." Id. at 15.

In addition to considering the arguments of counsel and the applicable authority, the undersigned has conducted a careful review of the many motions filed by the Plaintiff and the Defendants and, more importantly, the resolution of those motions by the Court. The unavoidable conclusion of this review, as Mr. Osborn tacitly and overtly argues in Mr. Everman's Response, is that the Plaintiff and his counsel must accept at least partial responsibility for the unpleasant and unprofessional course this litigation has taken. Specifically, for Motions filed by the Plaintiff which were denied in whole or in part, see Judge Conrad's Memorandum and Order filed March 28, 2006, denying the Plaintiff's Motion For a Preliminary Injunction (document #27); and the Orders of the undersigned filed on August 14, 2006 (document #74, denying Plaintiff's Motion to Strike, Plaintiff's First Motion To Compel, Plaintiff's Motion To Disqualify Defendants' Counsel Gregory Everman, and denying in part Plaintiff's Second Motion To Compel); on January 22, 2007

3

(document #109, denying in part Plaintiff's Renewed Motion to Compel the Production of Defendant's Patent Applications . . . , and denying in part Plaintiff's Motion for Protective Order and to Quash . . . Supboenas . . .); on April 30, 2007 (document #124, denying in part Plaintiff's Motion To Strike); and on June 25, 2007 (document #132, denying Plaintiff's Motion to File Sur-Reply).

Conversely, review of this extremely over-litigated case indicates that certain motions filed by the Defendants have been found to be <u>meritorious</u>. For example, see the Orders <u>granting</u> in whole or part "Defendants' Motion To Disqualify Jason Miller" filed August 14, 2006 (document #74); "Defendant's Motion For Leave To File Sur-Reply" filed June 30, 2006 (document #52); "Defendants' First Motion For Extension of Time To Complete Discovery" filed August 14, 2006 (document #74); "Defendants' Motion For Extension of Time to File Response/Reply" filed November 13, 2006 (document #90); "Defendants' Motion To Compel Depositions And Subpoenas" and "Defendants' Motion To Strike Expert," "Motion For Protective Order And . . . To Quash," and "Motion For Extension of Scheduling Deadlines," all resolved by Order filed January 22, 2007 (document #109); "Defendants' Motion To File Sur-Reply" filed January 17, 2007 (document #106); "Defendants' Second Motion For Extension To Serve Defendants' Expert Witness" filed March 15, 2007 (document #114); "Defendants' Motion for Protective Order and To Quash Subpoena of Defendants' Counsel" filed April 30, 2007 (document #124); "Defendants First Motion To Amend Answer" filed May 21, 2007 (document #127); and "Defendants' Motion To Reclassify Attorneys Eyes Only Documents To Confidential" filed July 16, 2007 (document #143).

In short, this troublesome record clearly shows that counsel on <u>both</u> sides have involved the Court in their every possible disagreement while agreeing among themselves on very little, and indeed, have conducted themselves in a manner that makes the practice of law more stressful and

4

far less fulfilling than it can and should be and tends to reinforce the low view of lawyers held by the general public.

**FOR THE FOREGOING REASONS** – including the shared fault of counsel in the unnecessarily contentious course this litigation has taken – and for the further reasons stated in Mr. Everman's Response (document #155), the "Plaintiff's Motion For Attorney's Fees . . . " (document #133) is hereby **DENIED**.

The Clerk is directed to send copies of this Memorandum And Order to counsel for the parties; to counsel for Mr. Everman (D. Christopher Osborn); and to the Honorable Frank D. Whitney.

**SO ORDERED.**

Signed: August 23, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge