# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:06cv66

| | |
|---|---|
| THE ATTIC TENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JERRY L. COPELAND and ) | |
| PROGRESSIVE ENERGY ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Strike Defendants' Suggestion of Subsequently Decided Authority with Respect to Claim Construction [Doc. 188].

The Plaintiff moves the Court to strike the Defendants' Suggestion of Subsequently Decided Authority with Respect to Claim Construction [Doc. 187], which was filed on April 23, 2008. For grounds, the Plaintiff contends that the Defendants' "Suggestion" constitutes either an impermissible supplement to the Defendants' claim construction briefs or a prohibited reply brief and therefore is improper. [Motion to Strike, Doc. 188].

The Amended Pretrial Order and Case Management Plan [Doc. 174] required the parties to file their respective motions for claim construction on March 7, 2008, with responses due by April 1, 2008.[1]  The Court prohibited the parties from filing "further pleadings in reply or rebuttal" of these filings. [Id.].

Contrary to the Plaintiff's vociferous arguments, the Defendants' Suggestion of Subsequently Decided Authority is not a reply or rebuttal brief "in disguise," nor does its filing violate the briefing parameters previously established by the Court.  The Suggestion is provided without argument or comment, and it simply informs the Court of the issuance of an opinion by the Federal Circuit, the Court which has controlling authority over the law applicable to this case.  As such, the filing of the Suggestion of Subsequently Decided Authority was entirely proper.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Strike Defendants' Suggestion of Subsequently Decided Authority with Respect to Claim Construction [Doc. 188] is **DENIED**.

---

[1] These filings were limited to 25 pages each with text in 14 point type, limitations which the Plaintiff characterizes as "very burdensome."  [Motion to Strike, Doc. 188 at 2].  In the Court's view, limiting each side to 50 pages of briefing on the issue of claim construction, even if in 14 point type, hardly constitutes an undue burden on the parties.  The Court routinely receives motions in cases more complex than the present one which are more than adequately briefed within these parameters.

**IT IS SO ORDERED**.

Signed: April 25, 2008

Martin Reidinger
United States District Judge